UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ) ) ) Plaintiff, ) vs. ) ) UNITED STATES POSTAL SERVICE, ) et al., ) ) Defendants. ) ) | Case No.: 2:09-cv-00722-GMN-RJJ<br><br>**ORDER** |

This case arises out of a traffic accident between an individual holding an insurance policy with Plaintiff and a United States Postal Service employee driving a government vehicle. Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b). (Mot., ECF No. 14.) Plaintiff has not filed a Response to Defendants' Motion. For the reasons that follow, Defendants' Motion (ECF No. 14) is **GRANTED**.

**I.     BACKGROUND**

This lawsuit was originally filed on February 20, 2009 in the Las Vegas Township Justice Court. At issue is an automobile accident between Caprice M. Leidig--who held an insurance policy with Plaintiff State Farm Mutual Automobile Insurance Company-- and James Czaplicki--an employee of the United States Postal Service who was driving a government-owned vehicle at the time of the accident.

Defendant United States of America removed the action to this Court on April 23, 2009, and sent Plaintiff's counsel Notice of Filing of Notice of Removal at that time, (*see* Notice of Removal 5, ECF No. 1). Then, on July 19, 2010, Defendants James Czaplicki

and the United States of America filed this Motion to Dismiss, pursuant to Rule 41(b), contending that Plaintiff's Complaint should be dismissed because Plaintiff has failed to properly effectuate service of process on the United States Attorney, the Attorney General, or James A. Czaplicki and has failed to prosecute the case in any other way since it initially filed the Complaint in February of 2009.  Pursuant to D. Nev. R. 7-2(b), Plaintiff had fourteen days after service of the Motion to file a Response.  Defendants' Motion was served electronically on July 19, 2010, (Mot. 4, ECF No. 14); therefore, Plaintiff had until August 5, 2010 to file a Response.  Not only did Plaintiff fail to meet this deadline, Plaintiff has failed to file any Response at all.

## II.     DISCUSSION

Local Rule 7-2 (d) provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).  As the Ninth Circuit has held, "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see, e.g., Roberts v. United States of America*, 01-cv-1230-RLH-LRL, 2002 WL 1770930 (D. Nev. June 13, 2002).  However, before dismissing a case for failing to follow local rules, the district court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 799 F.2d 1421, 1423 (9th Cir. 1986).

Under the Henderson test, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Further, the Court's need to manage its docket is manifest. *See State Farm Mutual Automobile Insurance Company v. Ireland*, 2:07-cv-01541-RCJ-RJJ, 2009

WL 4280282 (D. Nev. Nov. 30, 2009).  The risk of prejudice to Plaintiff is also quite low, as the Court's docket indicates that Plaintiff's counsel was given proper notice of Defendants' Motion to Dismiss on July 19, 2010--roughly four months ago--so the dismissal of this lawsuit should come as no surprise to Plaintiff.

The fourth factor also does not weigh in favor of Plaintiff because it does not appear that this case was likely going to be decided on the merits anyway: Plaintiff has failed to properly serve Defendants in accordance with Federal Rule of Civil Procedure 4(i)[1] and has failed to take any action to prosecute this case in the nearly two years that it has been pending, other than filing a Notice of Application for Default and Default Judgment, (*see* Notice, ECF No. 11).  These four factors outweigh the fifth factor and, accordingly, Defendants' Motion is **GRANTED**.

## **CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (ECF No. 14) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED**.

DATED this 7th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge

---

[1] This provides yet another ground for dismissal, as Rule 4(m) requires a Court to dismiss an action or order that service be made if the defendant is not properly served within 120 days after the Complaint is filed. Fed. R. Civ. P. 4(m).